IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARHORSE-BALTIMORE REAL   *
ESTATE, LLC et al.        *
                          *
v.                        *
                          *   Civil Action No. WMN-13-2336
THOMAS FORE et al.        *
                          *
                          *
* * * * * * * * * * * * * * *

**MEMORANDUM**

Before the Court is Defendants' Motion to Dismiss. ECF No. 12. Plaintiffs opposed the motion. Defendants have not replied to that opposition and the time for so doing has expired. Upon a review of the papers and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be denied.

Plaintiffs Warhorse-Baltimore Real Estate, LLC (Warhorse), Richard Burton, Dale Dowers, and Michael Borden filed a 27 page, 87 paragraph Complaint in this action on August 12, 2013. Thomas Fore, Patrick Turner, Westport Partners, LLC, and Westport Development, LLC were named as Defendants. Briefly stated, the facts relevant to the pending motion are as follows.

This dispute relates to a 42 acre parcel of real property located on the Middle Branch of Baltimore's Inner Harbor (the Property) which is owned by Inner Harbor West, LLC (IHW) and Inner Harbor West, II, LLC. Defendants and their various

1

affiliates developed plans to build a residential, hotel, retail, office, dining, and entertainment complex on the Property (the Westport Project).  In July of 2007, Citigroup Global Markets Realty Corp. (Citi) entered into a loan agreement (the Loan) secured by, <u>inter alia</u>, a mortgage lien granted to Citi by IHW on the Property.

By July 2010, the Loan was in payment default.  On July 26, 2010, Citi entered into a forbearance agreement with the borrower, IHW, Defendant Patrick Turner, and others, pursuant to which Citi agreed to forbear from exercising its rights under the loan documents and also to sell the Loan for a discounted amount by a certain deadline.  Defendants and their affiliates, however, experienced difficulty finding financing to purchase the Loan and Defendants requested, and Citi granted, numerous extensions of the closing date.  The final extension expired on September 15, 2011, with Defendants still unable to obtain financing to purchase the Loan.  On November 20, 2012, Citi commenced an action against IHW to foreclose on the Property.

Defendants continued to seek financing to prevent the foreclosure and, towards that end, began discussions with a potential financing source, Vision Capital Partners, LLC (Vision).  On or about November 27, 2012, Vision and the Defendants entered into a Mutual Confidentiality and Non-Disclosure Agreement (NDA).  Compl. Ex. 2.  Defendants, through

the NDA, sought to limit disclosure of confidential information regarding the proposed Westport Project that might be revealed during the course of their discussions.  The NDA also provided that the parties, "their partners, consultants and agents and any other person to whom they show the [Westport] Project" are prohibited from circumventing the interests of the other party by entering into any agreement regarding the Property or Project without the other party's consent.  Id.

In December 2012, Vision contacted Plaintiff Richard Burton to inquire if he might be interested in participating in the Westport Project as a developer.  At that time, Burton was also involved with several development projects with Plaintiffs Dale Dowers and Michael Borden.  On January 9, 2013, Burton, Dowers, and Borden traveled to Baltimore to meet with Defendants Turner and Thomas Fore.  Plaintiffs and Defendants engaged in a series of discussions in Baltimore from January 9 through January 15 but no agreement regarding Plaintiffs' participation in the Westport Project was reached.  Plaintiffs allege that, at no time prior to or during these conversations, were they informed about the NDA or told that the information they were given was considered confidential.  On January 16, 2013, Plaintiffs informed Defendants that they were no longer interested in further discussions.

While declining the opportunity to go forward with Defendants, on January 17, 2013, the individual Plaintiffs formed Warhorse for the purpose of purchasing the Loan from Citi for themselves. Defendants soon learned that Plaintiffs were attempting to purchase the Loan and communicated on numerous occasions their position that Plaintiffs could not purchase the Loan from Citi without Defendants' prior consent. Plaintiffs responded that no such consent was required and, shortly thereafter, Warhorse entered into a Loan Purchase Agreement (LPA) with Citi.

On February 8, 2013, an involuntary Chapter 7 bankruptcy petition was filed against IHW by one of its creditors. Plaintiffs maintain that the filing of this petition was a ruse, orchestrated by Defendants to delay Citi's foreclosure on the Property. On February 15, 2013, Defendants sent Plaintiffs and Citi a draft complaint for an adversary action against Plaintiffs and Citi that Defendants represented they would be filing shortly in the bankruptcy case. Plaintiffs assert that sending this draft complaint to Citi was simply a ploy to induce Citi to breach the LPA with Plaintiffs.

An adversary action was filed by Defendants and IHW in the bankruptcy action on February 20, 2013, but the complaint, as filed, did not include claims against Citi. The basis for this action was the claim that the individual Plaintiffs were

consultants to Vision and thus were bound by, but violated, the terms of the NDA.  It was also asserted that the actions taken by Plaintiffs to secure from Citi the rights to the Loan were "equitably undertaken for the benefit" of IHW and Defendants, and that, accordingly, the Bankruptcy Court should impose a constructive trust on those rights.  Compl. Ex. 18, Complaint in Adversary No. 13-00111 ¶ 6.  In addition to Plaintiffs, the adversary action also named Vision as a defendant.

On June 11, 2013, a hearing was held on Plaintiffs' motion to dismiss the adversary action and, according to Defendants, the adversary action was dismissed without prejudice for lack of jurisdiction because the defendants in that action had asserted a right to a jury trial.  Defs.' Mot. at 4.[1]  Plaintiffs represent in the Complaint in this action that Bankruptcy Judge Robert Gordon also opined from the bench that there was merit in Plaintiffs' argument that Debtor IHW had no rights under the NDA because IHW was not a party to that agreement.  Compl. ¶ 69.

In this action, Plaintiffs seek a declaratory judgment that they were never bound by the terms of the NDA and, thus, Defendants have no valid claims arising from that agreement.  They also assert a claim for interference with a business

---

[1] A review of the docket in the bankruptcy proceeding reveals that the adversary action was actually dismissed on July 19, 2013, in a second hearing where Judge Gordon delivered his oral ruling on the motion.

5

relationship based upon Defendants' alleged attempts to frustrate and delay Plaintiffs' efforts to close on the LPA with Citi.  Finally, they assert a claim for fraud, alleging that Defendants' failure to disclose the existence of the NDA and their position that Plaintiffs were bound by its terms was an intentional and knowing suppression of material facts.

In moving to dismiss this action, Defendants argue that, under Rule 19 of the Federal Rules of Civil Procedure, IHW and Vision are necessary parties to this action.  Defendants argue that IHW is a third party beneficiary to the NDA and, for that reason, is a necessary party in this action.  They also note that IHW has expressed its intention to file its own action against Plaintiffs in this Court, asserting the claims raised in the adversary action, thus creating the possibility of multiple actions with conflicting results.

As to Vision, Defendants contend it is a necessary party in that it was a party to the NDA that is at the center of this dispute.  Furthermore, Vision was a defendant in the adversary action filed by IHW and Defendants and, thus, is also likely to be a defendant when that case is re-filed in this Court.  The Court also notes that the relationship between Vision and Plaintiffs, i.e., whether Plaintiffs can be considered partners, consultants, or agents of Vision, could be an issue in this action.  If there was such a relationship, Vision's duty to

6

relay the restrictions under the NDA and alleged breach of that duty could also be potentially relevant and a possible basis of liability against Vision.

When a defendant moves to dismiss a complaint for failure to join a party, a court conducts a two-step inquiry for applying Rule 19. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). First, a court determines whether a party is necessary to the action. Id. Under Rule 19(a), a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a). If the party is necessary but his inclusion in the action would destroy diversity, then the court proceeds to the second part of the inquiry, which requires the court to decide if the party is indispensable under Rule 19(b). Owens-Illinois, 186 F.3d at 440. In making that determination, the court considers four factors: (1) the extent a judgment rendered would be prejudicial to the absent or existing parties; (2) whether relief can be shaped to lessen or avoid any prejudice; (3) whether a judgment will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. Fed. R. Civ. P. 19(b). If the party is indispensable, meaning the action cannot proceed in that party's absence, then the case must be dismissed. Owens-Illinois, 186 F.3d at 440.

The Rule 19 inquiry is a practical one and rests in the sound discretion of the trial court. Heinrich v. Goodyear Tire & Rubber Co., 532 F. Supp. 1348, 1359 (D. Md. 1982). Dismissal of a case for nonjoinder, however, is a drastic remedy and should be employed sparingly. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Rite Aid of South Carolina Inc., 210 F.3d 246, 250 (4th Cir. 2000). Generally, dismissal is only ordered when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result from continuing with the action without the absent defendant. Owens-Illinois, 186 F.3d at 441. Furthermore, the party moving for dismissal has the burden of demonstrating that dismissal is appropriate. R-Delight Holding LLC v. Anders, 246 F.R.D. 496, 499 (D. Md. 2007).

In opposing the motion, Plaintiffs question whether either IHW or Vision is even a necessary party in this action. As to IHW, Plaintiffs point to a clause in the NDA that, under the heading, "Third Party Beneficiaries," specifically provides that, "[n]o director, officer, stockholder, employee, agent, independent contractor, or any other person or entity shall be deemed to be a third party beneficiary of this Agreement." Compl. Ex. 2 ¶ 6. As to Vision, Plaintiffs argue that they "have no need to include Vision in the Complaint because to the best of Plaintiff's understanding, Vision does not contend that

8

Plaintiffs are in any way bound by the Vision/Defendants' NDA." ECF No. 13 at 3.

Plaintiffs further note that, regardless of whether Vision and IHW can be deemed necessary parties, the Court need not even consider if they are indispensable in that they are subject to the service of summons from this Court and their joinder would not defeat this Court's jurisdiction. Plaintiffs are citizens of Nevada, Vision apparently is a citizen of Utah, and Defendants and IHW are citizens of Maryland. Plaintiffs posit that, if Defendants believe that IHW or Vision have interests in this litigation, they can implead one or both of them as third party defendants under Rule 14.[2]

The Court believes that Vision should, most likely, be considered a "necessary" party under Rule 19(a). At the center of this dispute is the NDA and the fact that Vision was a party to that contract. "It is well established that a party to a contract which is the subject of the litigation is considered a necessary party." Ryan v. Volpone Stamp Co., Inc., 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000); see also KnowledgePlex, Inc. v. Placebase, Inc., 2008 WL 5245484, at *4 (N.D. Cal. Dec. 17, 2008) ("Courts frequently have concluded that parties to a contract are 'necessary' in an action on the contract.").

---

[2] Plaintiffs acknowledge, however, that in order to bring IHW into this action, relief from the automatic stay in the bankruptcy proceeding would be required.

Whether IHW is a necessary party is less clear.  IHW was not a party to the NDA, not a third party beneficiary of the NDA according to its own terms, and, at least in a technical sense, it should not make a difference to IHW what entity holds the Loan.[3]

While perhaps "necessary" under Rule 19(a), the Court agrees with Plaintiffs that Vision is not "indispensable" under Rule 19(b).  Thus, the Court will not dismiss this action.  The Court also declines to place the burden on Plaintiffs to bring Vision into this action.  If Defendants believe that Vision should be joined, they can implead it in as a third party defendant under Rule 14.[4]

For these reasons, Defendants' motion to dismiss will be denied.  A separate order consistent with this memorandum will be issued.

　　　　　　　　　　　　　　　　／s／　　　　　　　　　　　

　　　　　　　　　　　　　　William M. Nickerson
　　　　　　　　　　　　　　Senior United States District Judge

---

[3] The Court recognizes that the reality is quite different, in that it appears that IHW functions merely as a holding company for Defendants and Defendants' goal throughout its negotiations with Citi was to acquire the Loan for an amount significantly below its face value.

[4] If Defendants also believe that IHW has some place in this litigation, IHW, which is clearly controlled by Defendants, can bring its threatened action in this Court.  It would be identified as a related action and the Court would entertain a motion to consolidate.

DATED: November 26, 2013.