```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND


WARHORSE-BALTIMORE REAL       *
ESTATE, LLC et al.            *
                              *
v.                            *      Civil Action No. WMN-13-2336
                              *
THOMAS FORE et al.            *
                              *
v.                            *
                              *
VISION CAPITAL PARTNERS,      *
LLC et al.                    *
                              *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM AND ORDER**

Before the Court is a Motion to Amend/Correct under Rule 60(a) filed by Plaintiff/Counter-Defendants Warhorse-Baltimore Real Estate, LLC, Richard Burton, Dale Dowers, and Michael Borden (collectively referred to as "the Warhorse Plaintiffs"), seeking the Court to rule on a portion of their Motion to Dismiss that was previously overlooked.  ECF No. 37.  Federal Rule of Civil Procedure 60(a) permits a Court to correct any mistake arising from oversight or omission.  Here, the Court overlooked that, in addition to the claims in the Counterclaim filed by Defendant/Third Party Plaintiffs Westport Development, LLC, Westport Partners, LLC, Thomas B. Fore, and Patrick Turner (collectively referred to as "the Westport Defendants"), the claims in the Westport Defendants' Third Party Complaint were also asserted against the Warhorse Plaintiffs.  Although the

1

Court discussed the allegations in the Third Party Complaint as asserted against the third-party Vision Defendants, it did not specify its decision as to those counts asserted against the Warhorse Plaintiffs. Accordingly, the Motion is properly considered under Rule 60(a).

Count I of the Third Party Complaint is easily dismissed. The Non-Disclosure Agreement ("NDA"), which provides that it will be governed by Utah law, was executed between the Westport Defendants and the third-party Vision Defendants. Countercl. Ex. 2. The Warhorse Plaintiffs were not a party to that document, and the Third Party Complaint does not contain allegations sufficient to assert that the Warhorse Plaintiffs were otherwise bound through an agency or other relationship existing at the time the contract was entered. Thus, because the Warhorse Plaintiffs were not parties to the contract, and the Westport Defendants have failed to allege any legal relationship subjecting the Warhorse Plaintiffs to that contract, they cannot be liable for breach of that agreement under Utah law.[1]  1-800 Contacts, Inc. v. Weigner, 127 P.3d

---

[1] "A federal court sitting in diversity applies the choice of law rules of the state in which it sits." Chubb & Son v. C & C Complete Servs., LLC, 919 F. Supp. 2d 666, 673 (D. Md. 2013). Under Maryland choice of law principles, the "parties to a contract may agree as to the law which will govern their transaction, even as to issues going to the validity of the contract." Nat'l Glass, Inc. v. J.C. Penney Props., Inc., 650 A.2d 246, 248 (Md. 1994). Here, because the NDA specifically

1241, 1242 (Ut. 2005) ("There are two primary elements necessary for a contract: (1) an offer and (2) an acceptance."). Count I will therefore be dismissed as asserted against the Warhorse Plaintiffs.

As to Count III, the Court will deny the Motion to Dismiss, although it notes that this claim is largely duplicative of the assertions against the Warhorse Plaintiffs in Count II of the Westport Defendants' Counterclaim. In Count II of the Counterclaim, the Westport Defendants assert intentional interference with economic relationships; in Count III of the Third Party Complaint, they add "aiding and abetting" and "conspiracy" allegations to the substantive charge.

In its previous Memorandum and Order, the Court denied the Warhorse Plaintiffs' Motion to Dismiss Count II of the Counterclaim, finding that "the Westport Defendants' assertions, taken as true, raise a plausible claim of relief for interference with economic relationships." ECF No. 34 at 16. To the extent that Count III of the Third Party Complaint adds

---

provides that Utah law will govern interpretation of the agreement, the Court will apply Utah law, although it notes that, under Maryland law, the same conclusion would result. See Cochran v. Norkunas, 919 A.2d 700, 713 (Md. 2007) ("Creation of a contract requires an offer by one party and acceptance by the other party. Acceptance of an offer is requisite to contract formation, and common to all manifestations of acceptance is a demonstration that the parties had an actual meeting of the minds regarding contract formation." (internal citations omitted)).

assertions of aiding and abetting and/or conspiracy to interfere with economic relationships, the Court will not dismiss the claim.  The Third Party Complaint contains sufficient allegations that the Warhorse Plaintiffs conspired, amongst each other or others, and/or individually aided and abetted, an intentional interference with the Westport Defendants' relationship with Citi.  Accordingly, the Court will not dismiss Count III of the Third Party Complaint against the Warhorse Plaintiffs.[2]

Accordingly, IT IS this 26th day of August, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Warhorse Plaintiff's Motion to Amend, ECF No. 37, is GRANTED IN PART;

2. Count I of the Third Party Complaint as asserted against the Warhorse Plaintiffs is DISMISSED; and

3. The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                                          /s/
                            William M. Nickerson
                            Senior United States District Judge

---

[2] To the extent that Count III simply asserts another claim for intentional interference with economic relationships, however, it will be dismissed, as such a claim is already asserted in Count II and no independent basis for an additional, identical claim has been asserted in Count III.